COPY

1   SHAWN G. HANSEN (Bar No. CA 197033)
    E-mail: shansen@manatt.com
2   MANATT, PHELPS & PHILLIPS, LLP
    1841 Page Mill Road, Suite 200
3   Palo Alto, CA 94304-1254
    Telephone: (650) 812-1300
4   Facsimile: (650) 213-0260

5   *Attorneys for Plaintiff*
    FUHU, INC.

6

7

FILED
CLERK, U.S. DISTRICT COURT

AUG - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11  FUHU, INC.,                    Case No. CV13-05571-BRO (SKx)

12              Plaintiff,         COMPLAINT FOR
                                   DECLARATORY JUDGMENT
13        vs.                      OF PATENT
                                   NON-INFRINGEMENT AND
14  PERSONAL AUDIO, LLC,           INVALIDITY OF U.S. PATENTS
                                   6,199,076 AND 7,509,178
15              Defendant.
                                   DEMAND FOR JURY TRIAL
16

17                      **COMPLAINT**

18        Plaintiff Fuhu, Inc. ("Fuhu") alleges as follows for this Complaint for

19  Declaratory Judgment of Patent Non-infringement and Invalidity ("Complaint")

20  against Defendant Personal Audio, LLC ("Personal Audio"):

21                    **NATURE OF ACTION**

22        1.    Fuhu seeks in this action a declaratory judgment that Fuhu is not liable

23  for infringement of properly construed, valid, and enforceable claims of U.S.

24  Patents 6,199,076 ("'076 patent") and 7,509,178 ("'178 patent") (collectively,

25  "Patents-in-Suit") and that the properly construed claims of the Patents-in-Suit are

26  invalid.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT

2.     A true and correct copy of the '076 patent is attached hereto as **Exhibit A**.

3.     A true and correct copy of the '178 patent is attached hereto as **Exhibit B**.

## PARTIES

4.     Fuhu is a California corporation with a place of business at 909 N. Sepulveda Boulevard, Suite 540, El Segundo, California 90245.

5.     On information and belief, Personal Audio is a Texas limited liability company.

6.     Personal Audio letterhead purports that Personal Audio's address is 3827 Phelan Blvd., Suite 180, Beaumont, Texas 77707.   For example, this purported address is shown on **Exhibit C** hereto, which is a true and correct copy of a letter dated February 5, 2013, from Personal Audio's Vice President of Licensing, Richard A. Baker, Jr., to Fuhu's Chief Executive Officer, James Mitchell.

7.     On information and belief, a branch of PostNet International Franchise Corporation, store number TX154, is located at Personal Audio's purported address of 3827 Phelan Blvd., Beaumont, Texas 77707.   Attached hereto as **Exhibit D** is a true and correct copy of a PostNet International Franchise Corporation web page indicating the same address, visited on July 30, 2013, at http://www.postnet.com/beaumont-tx154, which also indicates that "Private Mailbox Rentals" is among the available services.   On information and belief, Personal Audio's purported address in Beaumont, Texas, corresponds to a rented mailbox at PostNet International Franchise Corporation store number TX154.

8.     On information and belief, Personal Audio's Vice President of Licensing, Richard A. Baker, Jr., is the principal of New England Intellectual Property, LLC, which is located at 291 Main Street, West Newbury, Massachusetts 01985, with a telephone number of (978) 363-1700. Attached hereto as **Exhibit E** is a true and correct copy of a New England Intellectual Property web page

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT

1   indicating the foregoing address and telephone number, visited on July 30, 2013, at

2   http://newenglandip.com/.

3        9.    On information and belief, Personal Audio's Vice President of

4   Licensing, Richard A. Baker, Jr., conducts Personal Audio business from and/or has

5   taken steps to enforce Personal Audio's patents against Fuhu and/or others in the

6   Central District of California from the Massachusetts address and/or telephone

7   number of New England Intellectual Property shown in **Exhibit E**.

8                        **<u>JURISDICTION AND VENUE</u>**

9        10.    This action arises under the patent laws of the United States,

10   35 U.S.C. §§ 1 et seq., with a specific remedy sought under the Federal Declaratory

11   Judgments Act, 28 U.S.C. §§ 2201 and 2202.   An actual, substantial, and

12   continuing justiciable controversy exists between Fuhu and Personal Audio that

13   requires a declaration of rights by this Court.

14        11.    This Court has subject matter jurisdiction over this action pursuant to

15   28 U.S.C. §§ 1331 and 1338(a).

16        12.    This Court has personal jurisdiction over Personal Audio at least with

17   respect to the specific subject matter of this action by virtue of Personal Audio's

18   purposeful contacts with the Central District of California, including, without

19   limitation, Personal Audio's patent licensing activities directed into the Central

20   District of California at Fuhu, as exemplified in **Exhibit C**, such that Personal

21   Audio could have reasonably expected to be haled into Court in the Central District

22   of California.

23        13.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

24   and 1400(b) because a substantial part of the events giving rise to the claims

25   presented in this Complaint occurred in the Central District of California, including,

26   without limitation, Personal Audio's attempts to enforce its patents against Fuhu

27   and others in the Central District of California through licensing.   Venue further is

28   proper because Personal Audio is subject to personal jurisdiction in the Central

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO
           3           FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT

1    District of California and therefore is deemed to reside in the Central District of

2    California pursuant to 28 U.S.C. § 1391(c)(2).

3                            **FACTUAL BACKGROUND**

4         14.    Fuhu is the creator of NABI, the world's first full-featured Android

5    tablet made especially for kids.

6         15.    On information and belief, Personal Audio's business is to monetize its

7    patents by threatening to sue and/or suing companies for infringement of its patents.

8         16.    Personal Audio purposefully directed its patent licensing activities into

9    the Central District of California against Fuhu through the correspondence attached

10    as **Exhibit C** and subsequent patent licensing contacts between Fuhu and Personal

11    Audio.  Personal Audio's purposeful direction of patent licensing activities into the

12    Central District of California also is reflected in a complaint for declaratory relief

13    filed by the Los Angeles-based companies Fox Broadcasting Company and Fox

14    Networks Group, Inc., in the District of Massachusetts, Case No. 1:13-cv-11794-

15    MLW, a true and correct copy of which is attached as **Exhibit F**.

16         17.    Based on statements or amendments made, and/or positions taken

17    during the prosecution of the application for the Patents-in-Suit and any patent

18    applications related by a claim of priority, Personal Audio is estopped from

19    construing any allegedly infringed claim of the Patents-in-Suit to cover or include,

20    either literally or under the Doctrine of Equivalents, any accused Fuhu product.

21         18.    In addition, the prior art known before the alleged inventions of the

22    Patents-in-Suit so limits and restricts the scope of the claims of the Patents-in-Suit

23    that Fuhu cannot be considered to have infringed the Patents-in-Suit.

24         19.    Further, Personal Audio's claims for relief against Fuhu concerning

25    the Patents-in-Suit are limited in whole or in part by the provisions of 35 U.S.C.

26    §§ 286 and/or 287.

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

4

FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT

20.    Fuhu contends that it has not infringed and is not infringing properly construed, valid, and enforceable claims of the Patents-in-Suit, either literally or under the Doctrine of Equivalents.

21.    Fuhu further contends that the properly construed claims of the Patents-in-Suit are invalid for failure to comply with the requirements for patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.    By virtue of Personal Audio's actions and statements directed at Fuhu, including, without limitation, the correspondence attached as **Exhibit C** and subsequent patent licensing contacts between Fuhu and Personal Audio, there is an actual and substantial controversy between Fuhu and Personal Audio regarding Fuhu's liability for infringement of the Patents-in-Suit and the validity of the Patents-in-Suit.

23.    This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to Fuhu's liability for infringement of the Patents-in-Suit and the validity of the Patents-in-Suit.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-infringement of U.S. Patent 6,199,076)

24.    Fuhu restates and incorporates by reference as if fully set forth herein the allegations of the foregoing Paragraphs 1-23.

25.    Personal Audio has asserted and continues to assert that Fuhu must pay for a license under the Patents-in-Suit or stop using the technology claimed in the Patents-in-Suit and pay for usage from the February 5, 2013, date of the letter attached hereto as **Exhibit C** to a settlement date.

26.    Fuhu disputes that it has infringed properly construed, valid, and enforceable claims of the Patents-in-Suit.

27.    Therefore, an actual and substantial controversy exists between Fuhu and Personal Audio, parties having adverse legal interests, of sufficient immediacy

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT

1    and reality to warrant the issuance of a declaratory judgment that Fuhu has not

2    infringed and does not infringe any properly construed, valid, and enforceable claim

3    of the '076 patent.

4         28.    Fuhu accordingly requests a judicial determination of its rights, duties,

5    and obligations with respect to the '076 patent.

6         29.    A judicial declaration is necessary and appropriate so that Fuhu may

7    ascertain its rights relative to the '076 patent.

8                         **SECOND CAUSE OF ACTION**

9         **(Declaratory Judgment of Non-infringement of U.S. Patent 7,509,178)**

10        30.    Fuhu restates and incorporates by reference as if fully set forth herein

11   the allegations of the foregoing Paragraphs 1-29.

12        31.    Personal Audio has asserted and continues to assert that Fuhu must pay

13   for a license under the Patents-in-Suit or stop using the technology claimed in the

14   Patents-in-Suit and pay for usage from the February 5, 2013, date of the letter

15   attached hereto as **Exhibit C** to a settlement date.

16        32.    Fuhu disputes that it has infringed properly construed, valid, and

17   enforceable claims of the Patents-in-Suit.

18        33.    Therefore, an actual and substantial controversy exists between Fuhu

19   and Personal Audio, parties having adverse legal interests, of sufficient immediacy

20   and reality to warrant the issuance of a declaratory judgment that Fuhu has not

21   infringed and does not infringe any properly construed, valid, and enforceable claim

22   of the '178 patent.

23        34.    Fuhu accordingly requests a judicial determination of its rights, duties,

24   and obligations with respect to the '178 patent.

25        35.    A judicial declaration is necessary and appropriate so that Fuhu may

26   ascertain its rights relative to the '178 patent.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT

**THIRD CAUSE OF ACTION**

**(Declaratory Judgment of Invalidity of U.S. Patent 6,199,076)**

36.    Fuhu restates and incorporates by reference as if fully set forth herein the allegations of the foregoing Paragraphs 1-35.

37.    Personal Audio has asserted and continues to assert that Fuhu must pay for a license under the Patents-in-Suit or stop using the technology claimed in the Patents-in-Suit and pay for usage from the February 5, 2013, date of the letter attached hereto as **Exhibit C** to a settlement date.

38.    Fuhu disputes that it has infringed properly construed, valid, and enforceable claims of the Patents-in-Suit and affirmatively alleges that the properly construed claims of the '076 patent are invalid for failure to meet one or more of the requirements for patentability under, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

39.    Therefore, an actual and substantial controversy exists between Fuhu and Personal Audio, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the properly construed claims of the '076 patent are invalid for failure to meet one or more of the requirements for patentability under, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

40.    Fuhu accordingly requests a judicial determination of its rights, duties, and obligations with respect to the '076 patent.

41.    A judicial declaration is necessary and appropriate so that Fuhu may ascertain its rights relative to the '076 patent.

**FOURTH CAUSE OF ACTION**

**(Declaratory Judgment of Invalidity of U.S. Patent 7,509,178)**

42.    Fuhu restates and incorporates by reference as if fully set forth herein the allegations of the foregoing Paragraphs 1-41.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT

43.     Personal Audio has asserted and continues to assert that Fuhu must pay for a license under the Patents-in-Suit or stop using the technology claimed in the Patents-in-Suit and pay for usage from the February 5, 2013, date of the letter attached hereto as **Exhibit C** to a settlement date.

44.     Fuhu disputes that it has infringed properly construed, valid, and enforceable claims of the Patents-in-Suit and affirmatively alleges that the claims of the '178 patent are invalid for failure to meet one or more of the requirements for patentability under, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.     Therefore, an actual and substantial controversy exists between Fuhu and Personal Audio, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the properly construed claims of the '178 patent are invalid for failure to meet one or more of the requirements for patentability under, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

46.     Fuhu accordingly requests a judicial determination of its rights, duties, and obligations with respect to the '178 patent.

47.     A judicial declaration is necessary and appropriate so that Fuhu may ascertain its rights relative to the '178 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Fuhu respectfully requests the Court to enter judgment in Fuhu's favor as to all claims asserted in this Complaint and, specifically, to enter judgment:

A.     Declaring that Fuhu is not liable for any infringement of any properly construed, valid, and enforceable claim of the Patents-in-Suit;

B.     Declaring that the Patents-in-Suit are invalid;

C.     Finding that this case is exceptional pursuant to 35 U.S.C. § 285, entitling Fuhu to an award against Personal Audio of Fuhu's reasonable attorneys' fees;

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

1      D. Awarding to Fuhu its costs and disbursements of this action; and

2      E. Awarding to Fuhu such other and further relief as this Court deems

3    just and proper.

4           **<u>DEMAND FOR JURY TRIAL</u>**

5      Pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, Fuhu hereby demands a trial

6    by jury on all issues so triable.

7

8    Dated:  August 1, 2013  MANATT, PHELPS & PHILLIPS, LLP

9                 SHAWN G. HANSEN

10

11             By:  SHAWN G. HANSEN

12             *Attorneys for Plaintiff*

13             FUHU, INC.

14

15

16   309860925.1

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

9

FUHU'S COMPLAINT FOR
DECLARATORY JUDGMENT



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

FUHU, INC.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

PERSONAL AUDIO, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Shawn G. Hansen
Manatt, Phelps & Phillips, LLP
1841 Page Mill Road, Suite 200, Palo Alto, CA 94304    (650) 812-1300

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

35 USC Sec. 1 and 28 USC Secs. 2201 & 2202. Declaratory Judgment of Patent Non-Infringement and Invalidity.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-05571**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                    CIVIL COVER SHEET                                    Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Fuhu, Inc. - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Personal Audio, Inc. - Los Angeles County per 28 USC Sec. 1391(c)(2) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**     DATE: July 31, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |